IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBIN MAGEE**  **PLAINTIFF**

V.  **CAUSE NO. 3:20-CV-685-CWR-MTP**

**COMMISSIONER OF SOCIAL SECURITY**  **DEFENDANT**

**ORDER**

This matter is before the Court pursuant to the Magistrate Judge's Report and Recommendation (R&R), Docket No. 28, the plaintiff's objection to that R&R, Docket No. 29, and the parties' supplemental briefing, Docket Nos. 31-32.

On review, the Court finds that the ALJ's determination of Ms. Magee's residual functional capacity (RFC) was in one respect not supported by substantial evidence, as that term is defined. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) ("Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.").

The ALJ found the opinions of the DDS physicians "more persuasive" than those of Dr. Misquita and Ms. Bridges. Docket No. 18 at 24. That was the ALJ's prerogative. The ALJ, though, then independently crafted an RFC that was unsupported by the DDS physicians' evaluations. The only RFC assessment that fully incorporated all of Ms. Magee's severe impairments, in fact, was specifically rejected by the ALJ. *See id.* at 25.

In requesting supplemental briefing, this Court asked whether an ALJ is required to rely upon evidence that takes into account every one of the claimant's severe medical impairments. Docket No. 30. Both parties answered "yes." Docket Nos. 31-32. But in this case, the ALJ

crafted an RFC without medical evidence that took into account Ms. Magee's chronic pain syndrome. *See Hall v. Kijakazi*, No. CV 3:20-1178, 2021 WL 4849523, at *11 (W.D. La. Oct. 1, 2021), *report and recommendation adopted,* No. CV 3:20-1178, 2021 WL 4846918 (W.D. La. Oct. 18, 2021) ("Thus, in the end, it is apparent that the ALJ autonomously derived plaintiff's physical RFC, without the benefit of a supportive medical opinion."). Therefore, remand is appropriate for the record on this issue to be fully developed. *Accord Ripley v. Chater*, 67 F.3d 552, 558 (5th Cir. 1995).

The motion for summary judgment is granted and this case is remanded to the Social Security Administration for further proceedings.

**SO ORDERED**, this the 24th day of August, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE